Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI220003111
Transaction ID: 0018854089
Filing Date: 09/12/2022 10:21:43 AM CDT

## IN THE DISTRICT COURT OF
## LANCASTER COUNTY, NEBRASKA

| | |
|---|---|
| JOHN HUGHES, | Case No. CI 22 - _____ |
| Plaintiff, | |
| vs. | |
| LANCASTER COUNTY, NEBRASKA, BRAD JOHNSON, in his individual capacity, and BARB McINTYRE, in her individual capacity, | **COMPLAINT** |
| Defendants. | |

COMES NOW the Plaintiff, John Hughes, by and through the undersigned counsel and states and alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 29 U.S.C. § 2617(2) and Neb. Rev. Stat. § 24-302.

2.      The District Court of Lancaster County is the proper venue for this action pursuant to Neb. Rev. Stat. §§ 25-403.01(2), (3).

3.      Plaintiff brings this action to seek redress for violations of the Family & Medical Leave Act ("FMLA").

### PARTIES

4.      Plaintiff John Hughes ("Plaintiff Hughes") has, at all times relevant, been employed by Defendant Lancaster County, Nebraska as a corrections officer at the Lancaster County Department of Corrections.

a.      Plaintiff John Hughes has, at all times relevant,

EXHIBIT A

been an "eligible employee" of Defendants within the meaning of the FMLA.

      b.    Plaintiff Hughes has, at all times relevant, had a "serious health condition" within the meaning of the FMLA.

5.    Defendant Lancaster County, Nebraska (the "County") is a political subdivision within the State of Nebraska and was Plaintiff Hughes's "employer" within the meaning of the FMLA.

6.    Defendant Brad Johnson ("Defendant Johnson") is the Director of the Lancaster County Department of Corrections and, with respect to the allegations herein, is a person who acted, directly or indirectly, in the interest of Defendant Lancaster County. Therefore, Defendant Brad Johnson, in his individual capacity, is an "employer" within the meaning of the FMLA. 29 U.S.C. § 2611(4)(A)(ii)(l).

7.    Defendant Barb McIntyre ("Defendant McIntyre") is the Director of Human Resources for Lancaster County, Nebraska, and with respect to the allegations herein, is a person who acted, directly or indirectly, in the interest of Lancaster County. Therefore, Defendant Barb McIntyre, in her individual capacity, is an "employer" within the meaning of the FMLA. 29 U.S.C. § 2611(4)(A)(ii)(l).

## ALLEGATIONS

8.    On or about August 9, 2021, Plaintiff Hughes submitted a request to the County for intermittent/reduced schedule FMLA leave that restricted him from working more than 8 hours per day. Plaintiff Hughes's regular work schedule involves working 8 hours per day but he is subject to mandatory overtime ("MOT") as a corrections officer.

9.    On or about November 2, 2021, Defendant Johnson sent Plaintiff Hughes a letter stating that he had been excused from 112 hours of MOT during the months of August, September, and October, which would be subtracted from his FMLA balance. Defendant Johnson's letter stated Plaintiff Hughes had 216 hours remaining in his FMLA leave bank.

10.    On or about November 15, 2021, Plaintiff Hughes filed a

EXHIBIT A

complaint with Director Johnson regarding the deduction of hours of missed MOT from his FMLA leave bank.

a.      At that time, the County was deducting Plaintiff Hughes's missed MOT from his FMLA leave bank but calculated Plaintiff Hughes's FMLA leave bank based upon 12 weeks of 40 hours per week.  In other words, the County failed to increase the number of hours in Plaintiff Hughes's leave bank based upon the number of hours he is required to work MOT, in violation of the FMLA.  *See* 29 C.F.R. § 825.205(b)(3); *Hernandez v. Bridgestone Americas Tire Operations, LLC*, 831 F.3d 940 (8th Cir. 2016).

b.      Furthermore, the County was not moving Plaintiff Hughes to the top of the MOT list each time he was passed over for MOT, which placed him in a worse position than if he would have worked the hours.  This, too, violated the FMLA.  *See* 29 C.F.R. § 825.215(d)(1); 29 C.F.R. § 825.205.

11.     On or about December 23, 2021, Defendant Johnson issued a response to Plaintiff Hughes's complaint, which conceded:

> Due to this grievance, it has come to our attention that FMLA allocation and how hours are deducted are at odds based on FMLA and case law.  The Department was under the impression that overtime was included in the FMLA allocation; however, through discussions with the Human Resources Department it turns out that the overtime hours the Department provides HR is only used to determine FMLA eligibility and is not included when determining how much FMLA an employee is entitled to. The County is in the middle of determining the best path going forward, whether that be to include overtime in FMLA allocation for applicable departments or to instead, decide not to include overtime in the FMLA allocation and also not deduct overtime.  Such a decision will need to be made for the County . . . . Until a solution is chosen, the Department will no longer deduct overtime from officers on intermittent FMLA leave.

As a result, the County agreed to credit back the hours of missed MOT

EXHIBIT A

to Plaintiff Hughes's FMLA leave bank.

12.     Upon information and belief, a dispute arose between Director Johnson and the county Human Resources Department regarding whether the County would increase employees' FMLA leave banks and deduct missed overtime for intermittent leave, or simply not deduct MOT from employees' leave banks.  In the meantime, Plaintiff Hughes's intermittent FMLA eligibility expired.  The County's official position on this dispute has never been communicated to Plaintiff Hughes.

13.     On or about March 2022, Plaintiff Hughes began receiving treatment for a knee injury that was unrelated to his previous FMLA-qualifying medical condition.  Specifically, Plaintiff Hughes's knee was examined and x-rayed on March 14, 2022.  Plaintiff Hughes then had an MRI on his knee on or about March 17, 2022, and visited his treating physician on or about March 24, 2022.  At that time, Plaintiff Hughes was prescribed medication to reduce swelling and pain in his knee.

14.     On or about May 24, 2022, Plaintiff Hughes was forced to return to his treating physician for treatment of significant knee swelling and pain.  At that time, Plaintiff Hughes received a cortisone injection to help alleviate pain.  Plaintiff Hughes's treating medical provider scheduled knee surgery for September 1, 2022, cleared him to work on May 26, 2022, and placed him on an MOT restriction.  Plaintiff Hughes sent the County a "Work Status Report" from his treating medical provider that same day, which included such restrictions.

15.     On May 24, 2022, the County replied that, due to the MOT restriction, Hughes was required to fill out FMLA paperwork before he could return to work on May 26, 2022.

16.     Since the County had previously indicated it would *not* deduct missed MOT from Plaintiff Hughes's FMLA leave bank, Plaintiff Hughes asked the County to confirm FMLA paperwork was, in fact, needed.  After making that inquiry, the County permitted Plaintiff Hughes to work May 26, 2022 through May 30, 2022, despite

his MOT restriction, and confirmed that his FMLA bank would not be deducted for missing any MOT.

17.     While the County did not ultimately require Plaintiff Hughes to submit FMLA paperwork to return to work on intermittent/reduced schedule FMLA leave between May 26, 2022 and May 30, 2022, Plaintiff Hughes had already requested his medical provider to fill out FMLA paperwork due to the County's initial May 24, 2022 response.

18.     Plaintiff Hughes took previously scheduled leave from May 31, 2022 through June 15, 2022.

19.     In an FMLA certification form dated June 1, 2022, Plaintiff Hughes's medical provider noted that Plaintiff Hughes suffered from a "serious health condition" that would require surgery on September 1, 2022, and again noted that Plaintiff Hughes was restricted from working MOT in the meantime.

20.     On or about June 14, 2022, the County sent Plaintiff Hughes's treating medical provider an ADAAA certification form.  That same day, Plaintiff Hughes's physician certified that Plaintiff Hughes could work regular hours, but he was restricted from working MOT.

21.     On or about June 15, 2022, Plaintiff Hughes received an email from the County stating it had received his ADAAA certification, and that he would remain off the MOT list.  The County also noted that Plaintiff Hughes's June 1, 2022 FMLA paperwork could not be submitted more than 1 month before his scheduled surgery on September 1, 2022, and that the form would be placed back in his work mailbox.  Plaintiff Hughes confirmed that he could return to work on June 16, 2022 without an MOT restriction, and the County verified he could.

22.     On June 16, 2022, the date Plaintiff Hughes was scheduled to return to work from his previously scheduled leave, Defendant Johnson called and sent Plaintiff Hughes a letter stating he could *not* return to work because the County had insufficient information to determine whether the ADAAA applied to his MOT restriction.  Defendant Johnson explained this determination was

made by Defendant McIntyre and the County's attorney.

23.    The County, Defendant McIntyre, and Defendant Johnson failed to timely respond to Plaintiff Hughes's June 1, 2022 FMLA certification paperwork, and did not notify Plaintiff Hughes in writing that any portion of his FMLA certification was incomplete or insufficient to qualify for an MOT restriction—i.e., intermittent/reduced schedule FMLA leave.

24.    On June 20, 2022, Plaintiff Hughes's treating orthopedic surgeon sent the County a letter stating Plaintiff Hughes suffered from a "knee injury/condition/meniscus tear" that may cause "occasional swelling, discomfort, and debility," which resulted in the physician's recommendation that Plaintiff Hughes "not be made to do mandatory overtime" while he awaits surgery in September.

25.    After prompting by Plaintiff Hughes, the County's attorney responded to Plaintiff Hughes's June 1, 2022 FMLA paperwork on June 24, 2022.  At that time—for the first time—the County claimed the FMLA certification was not "sufficient" because the form noted Plaintiff Hughes would have surgery on September 1, 2022 and "[t]his surgery has not happened."  The County further noted that, despite Plaintiff Hughes's treating physician stating that Plaintiff Hughes could return to work with MOT restrictions, the County deemed Plaintiff Hughes ineligible for FMLA on June 13, 2022, but never notified Plaintiff Hughes of the same.  The County's June 24, 2022 response was not timely, and did not specify what particular information the County needed to certify Plaintiff Hughes's FMLA leave.  Plaintiff Hughes nevertheless requested new FMLA certification forms to provide to his physician.

26.    Due to the fact that Defendants had forced Plaintiff Hughes off work, Plaintiff Hughes successfully requested his treating surgeon to move his knee surgery up to July 13, 2022.

27.    On June 29, 2022, Plaintiff Hughes's treating orthopedic surgeon sent the County a second FMLA certification form.  On the form, the physician noted Plaintiff Hughes had a serious health condition, his surgery was now scheduled for July 13, 2022, and noted

"John will need intermittent FMLA as required to manage pain."

28.     On June 30, 2022, Defendant McIntyre emailed Plaintiff Hughes and notified him that, because his FMLA form did not "note any restrictions," Plaintiff Hughes could return to work.  Plaintiff Hughes sent Defendant McIntyre a response, requesting her to verify that he could return to work despite his MOT restriction.  Defendant McIntyre did not reply.  Soon thereafter, Defendant Johnson informed Plaintiff Hughes that he should *not* return to work until they received a clear response from Defendant McIntyre regarding whether Plaintiff Hughes could return to work with an MOT restriction.

29.     On July 1, 2022, since Plaintiff Hughes had received no response from either Defendant Johnson or McIntyre, Plaintiff Hughes requested his physician to fill out a third FMLA form.  On that form, Plaintiff Hughes's physician again reported Plaintiff Hughes had a serious health condition, that Plaintiff Hughes would need "intermittent FMLA as required to manage pain," and that he needed to work 8 hours per day, 5 days per week from June 1, 2022 through July 13, 22.

a.     That same day, Plaintiff Hughes called Defendant McIntyre to ensure she received the third FMLA form.  Defendant McIntyre told Plaintiff Hughes that, because the form stated Plaintiff Hughes was limited to working 8 hours per day, 5 days per week, she had to verify with Defendant Johnson whether Plaintiff Hughes was permitted to work.

b.     Defendant Johnson informed Plaintiff Hughes shortly thereafter that the County could not "accommodate" the intermittent/reduced schedule leave request because Plaintiff Hughes is required to work MOT as an "essential function" of his job.

30.     On July 6, 2022, the County's attorney replied to Plaintiff Hughes's inquiry about his FMLA paperwork and copied Defendants McIntyre and Johnson on the correspondence.  The County's attorney stated: "The Department of Corrections is not able to accommodate the restrictions of no mandatory overtime, as it is an essential function of the job.  Mr. Hughes will have to stay out on leave until he is able to

come back and do the essential functions of the job." The County did not claim Plaintiff Hughes's FMLA paperwork was incomplete or insufficient.

31.     Due to Defendants' actions, Plaintiff Hughes was off work from June 16, 2022 through his surgery date of July 13, 2022. Plaintiff Hughes then went on full-time FMLA due to his surgery beginning July 13, 2022.

32.     On or about August 2, 2022, Plaintiff Hughes discovered that Defendants had permitted a different corrections officer, who also suffered an off-duty knee injury, to return to work on "modified duty"— i.e., the officer was permitted to return to work despite not being able to fulfill the "essential functions" of the corrections officer position.

33.     Plaintiff Hughes, who was still recovering from his July 13, 2022 surgery, asked the County about the process for returning to work on modified duty, and requested a job description for the modified duty position so his physician could opine whether Plaintiff Hughes would be cleared to return for modified duty work.

34.     On August 3, 2022, the County's attorney replied that the County did not have a job description for modified duty, and she did not know whether a modified duty position was currently available. Furthermore, the County distinguished Plaintiff Hughes's case from the other corrections officer's case because the other officer "was not out on FMLA leave and requested to come back to a modified or lite duty. Officer Hughes is out on FMLA leave and is wanting to come back. As such, there is no process [for Plaintiff Hughes] to return to lite duty." The County's attorney noted she would speak with Director Johnson with any additional response.

35.     Plaintiff Hughes did not receive any response from Director Johnson or the County's representative until September 1, 2022. On September 1, 2022, Defendant Johnson claimed for the *first time* that Plaintiff Hughes's July 1, 2022 FMLA paperwork was insufficient to show Plaintiff Hughes had a serious medical condition before his July 13, 2022 surgery. The September 1, 2022, response was not timely and was issued well after Plaintiff Hughes could cure any

EXHIBIT A

"insufficiency" in his paperwork that would have permitted him to return to work before July 13, 2022.

36.     As a result of Defendants' actions, Plaintiff Hughes was denied the opportunity to work an intermittent/reduced schedule of 8 hours per day, 5 days per week between June 16, 2022 and July 13, 2022.  During that time, Plaintiff Hughes was unnecessarily required to use his accumulated paid leave banks, and then went into an unpaid status.  Plaintiff Hughes was not permitted to work modified duty before or after his surgery on July 13, 2022, which further required him to expend his paid leave and go into a without pay status.  Defendants' actions also inhibited Plaintiff Hughes from making informed decisions about structuring his leave and his plan of recovery.

## COUNT I
## FMLA RETALIATION/DISCRIMINATION
### (29 U.S.C. § 2615 (a)(2), (b))

37.     Plaintiff Hughes incorporates and fully sets forth all allegations contained elsewhere in this Complaint in this section.

38.     Plaintiff Hughes engaged in protected activity under the FMLA when he:

a.     Took intermittent/reduced schedule FMLA leave in 2021;

b.     Objected to the County deducting his MOT hours from his FMLA leave bank;

c.     Requested intermittent/reduced schedule FMLA leave from Defendants beginning May 2022;

d.     Objected to the Defendants' handling of his FMLA leave requests; and/or

e.     Took FMLA leave beginning July 13, 2022.

39.     Defendants willfully retaliated against Plaintiff Hughes by:

a.     Indicating FMLA paperwork was not required to approve working with MOT restrictions, but later denying Plaintiffs

EXHIBIT A

ability to work an intermittent/reduced schedule due to MOT restrictions;

   b. Failing to timely respond to his FMLA requests for intermittent/reduced schedule leave or provide Plaintiff a reasonable opportunity to cure any alleged insufficiencies in his FMLA certification paperwork;

   c. Denying his intermittent/reduced schedule leave requests;

   d. Refusing to offer or approve Plaintiff working modified duty on the basis that Plaintiff was on FMLA leave.

  40. As a direct and proximate cause of the aforementioned retaliatory and discriminatory actions by Defendants and each of them, Plaintiff has sustained actual compensatory damages, loss of wages, bills attributable to filling out medical certifications, loss of paid leave, and loss of seniority.

  41. Defendants' actions were not in good faith and Defendants did not have reasonable grounds for believing their actions were in compliance with the FMLA, such that Plaintiff Hughes is entitled to an award of liquidated damages under 29 U.S.C. § 2617(1)(A)(iii).

## COUNT II:
## INTERFERENCE, DENIAL, AND RESTRAINT
## OF FMLA RIGHTS
## (29 U.S.C. § 2615(a)(1))

  42. Plaintiff Hughes incorporates and fully sets forth all allegations contained elsewhere in this Complaint in this section.

  43. Plaintiff Hughes was entitled to intermittent/reduced schedule FMLA leave beginning May 26, 2022, and gave Defendants notice of the same. At that time, the County informed Plaintiff Hughes that FMLA certification paperwork would not be required to work an intermittent/reduced schedule that restricted Plaintiff Hughes from working MOT.  Later, Defendants claimed Plaintiff was not entitled to

EXHIBIT A

intermittent/reduced schedule leave because his FMLA certification paperwork was not sufficient.

44.    Defendants failed to give Plaintiff timely and proper notice of the denial of his intermittent/reduced schedule FMLA leave requests and failed to give Plaintiff Hughes timely written notice of any alleged insufficiencies with his FMLA paperwork. *See* 29 C.F.R. § 825.300(b)(1)-(2), (d), (e); 29 C.F.R. § 825.301(a), (c), (e); 29 C.F.R. § 825.305(c)

45.    Defendants denied Plaintiff the opportunity to work a reduced/intermittent schedule between June 16, 2022 and July 13, 2022, despite Plaintiff being eligible for such leave under the FMLA.

46.    Defendants thereafter failed to inform Plaintiff Hughes of the availability of modified duty work that was available to another corrections officer who also suffered a non-work-related knee injury, refused to identify the process for being approved to work modified duty, and refused to provide Plaintiff Hughes a modified duty job description to enable his physician to opine that he would be able to perform such work. Defendants denied Plaintiff Hughes the ability to work modified duty because he was on FMLA leave.

47.    As a direct and proximate cause of Defendants' aforementioned interference, denial, and restraint of Plaintiff Hughes's FMLA rights, Plaintiff has sustained actual compensatory damages, loss of wages, bills attributable to filling out medical certifications, loss of paid leave, and loss of seniority.

48.    Defendants' actions were not in good faith and Defendants did not have reasonable grounds for believing their actions were in compliance with the FMLA, such that Plaintiff Hughes is entitled to an award of liquidated damages under 29 U.S.C. § 2617(1)(A)(iii).

WHEREFORE, Plaintiff requests the Court to enter an Order:

a.    Declaring that the conduct of Defendants violated Plaitniff's rights under the FMLA;

b.    Awarding Plaintiff damages in the amount equal to the lost wages, salary, employment benefits, and other compensation that

was denied or lost as a result of Defendants' actions, as well as bills associated with obtaining medical certifications;

      c.     Restoring Plaintiff paid leave he was required to use, and did not accrue, due to Defendants' actions;

      d.     Restoring seniority Plaintiff lost as a result of Defendants' actions;

      e.     Awarding liquidated damages and interest under the FMLA;

      f.     Awarding Plaintiff his costs, reasonable expert fees, reasonable attorney's fees, and other costs of this action; and

      g.     Such other relief, including equitable relief, that may be appropriate.


Dated this 12th day of September, 2022.

                JOHN HUGHES, Plaintiff.

              BY: /s/Thomas P. McCarty
                 Thomas P. McCarty, #24171
                 KEATING, O'GARA, NEDVED
                   & PETER, P.C., L.L.O.
                 200 South 21st Street, Suite 400
                 Lincoln, Nebraska 68508
                 Phone: (402) 475-8230
                 Fax: (402) 475-8328
                 tmccarty@keatinglaw.com

Image ID:
D00663685D02

## SUMMONS

Doc. No.    663685

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln              NE 68508

John Hughes v. Lancaster County, Nebraska

Case ID: CI 22     3111

TO:  Lancaster County, Nebraska

**FILED BY**

Clerk of the Lancaster District Court
09/12/2022

You have been sued by the following plaintiff(s):

John Hughes

Plaintiff's Attorney:     Thomas P McCarty
Address:                  200 S. 21st Street, Suite 400
                          PO Box 82248
                          Lincoln, NE 68501-2248
Telephone:                (402) 475-8230

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who
are not attorneys and representing themselves to provide their email address to
the court in order to receive notice by email from the court about the case.
Complete and return the attached form to the court if representing yourself.

Date: SEPTEMBER 12, 2022    BY THE COURT:   _Tray L. Clerk_
                                                    Clerk

EXHIBIT A

Image ID:
D00663685D02

**SUMMONS**

Doc. No.    663685

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

      Lancaster County, Nebraska
      Dan Nolte,Clerk of Lancaster County
      555 South 10th St, Room 108
      Lincoln, NE 68508

BY:  Lancaster County Sheriff
Method of service:  Personal Service

You are directed to make such service within twenty days after date of issue,
and show proof of service as provided by law.

EXHIBIT A

## SERVICE RETURN

Doc. No.   663685

```
          LANCASTER DISTRICT COURT
          575 S. 10th Street - 3rd Floor
          SEPARATE JUVENILE COURT-4th Floor
          Lincoln          NE 68508
To: Lancaster County Sheriff
Case ID: CI 22    3111 Hughes v. Lancaster County, Nebraska
```

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons

upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                      _____

Mileage ____miles         _____

   TOTAL               $ _____

Date: _____    BY: _____
                                              (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

```
To: Lancaster County, Nebraska        From: Thomas P McCarty
    Dan Nolte,Clerk of Lancaster County      200 S. 21st Street, Suite 400
    555 South 10th St, Room 108              PO Box 82248
    Lincoln, NE 68508                        Lincoln, NE 68501-2248
```

## ATTACH RETURN RECEIPT & RETURN TO COURT

EXHIBIT A

| Image ID:<br>D00663686D02 | **SUMMONS** | Doc. No.   663686 |

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln            NE 68508

John Hughes v. Lancaster County, Nebraska

Case ID: CI 22     3111

TO:  Brad Johnson

**FILED BY**

Clerk of the Lancaster District Court
09/12/2022

You have been sued by the following plaintiff(s):

John Hughes

Plaintiff's Attorney:    Thomas P McCarty
Address:                 200 S. 21st Street, Suite 400
                         PO Box 82248
                         Lincoln, NE 68501-2248
Telephone:               (402) 475-8230

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who
are not attorneys and representing themselves to provide their email address to
the court in order to receive notice by email from the court about the case.
Complete and return the attached form to the court if representing yourself.

Date: SEPTEMBER 12, 2022    BY THE COURT:    *Tracy L. Clerk*
                                                     Clerk

EXHIBIT A

| Image ID:<br>D00663686D02 | **SUMMONS** | Doc. No.   663686 |

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

         Brad Johnson
         3801 West O Street
         Lincoln, NE 68528

BY:  Lancaster County Sheriff
Method of service:  Personal Service

You are directed to make such service within twenty days after date of issue,
and show proof of service as provided by law.

EXHIBIT A

## SERVICE RETURN

Doc. No.   663686

```
         LANCASTER DISTRICT COURT
         575 S. 10th Street - 3rd Floor
         SEPARATE JUVENILE COURT-4th Floor
         Lincoln            NE 68508
To: Lancaster County Sheriff
Case ID: CI 22    3111 Hughes v. Lancaster County, Nebraska
```

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons

upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return       $ _____

Copy                       _____

Mileage _____miles         _____

　　TOTAL              $ _____

Date: _____     BY: _____
                                      (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                _____

Postage $ _____     Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

```
To: Brad Johnson              From: Thomas P McCarty
    3801 West O Street              200 S. 21st Street, Suite 400
                                    PO Box 82248
    Lincoln, NE 68528               Lincoln, NE 68501-2248
```

## ATTACH RETURN RECEIPT & RETURN TO COURT
EXHIBIT A

Image ID:
D00663687D02

## SUMMONS

Doc. No.    663687

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln              NE 68508

John Hughes v. Lancaster County, Nebraska

Case ID: CI 22    3111

TO:  Barb McIntyre

**FILED BY**

Clerk of the Lancaster District Court
09/12/2022

You have been sued by the following plaintiff(s):

John Hughes

Plaintiff's Attorney:    Thomas P McCarty
Address:                 200 S. 21st Street, Suite 400
                         PO Box 82248
                         Lincoln, NE 68501-2248
Telephone:               (402) 475-8230

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who
are not attorneys and representing themselves to provide their email address to
the court in order to receive notice by email from the court about the case.
Complete and return the attached form to the court if representing yourself.

Date: SEPTEMBER 12, 2022   BY THE COURT:   _Tracy L Clerk_
                                                      Clerk

EXHIBIT A

**SUMMONS**

Doc. No.   663687

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Barb McIntyre
        555 South 10th Street
        Suite 302
        Lincoln, NE 68508

BY:  Lancaster County Sheriff
Method of service:  Personal Service

You are directed to make such service within twenty days after date of issue,
and show proof of service as provided by law.

EXHIBIT A

| SERVICE RETURN | Doc. No.    663687 |
|---|---|

```
                    LANCASTER DISTRICT COURT
                    575 S. 10th Street - 3rd Floor
                    SEPARATE JUVENILE COURT-4th Floor
                    Lincoln            NE 68508
To: Lancaster County Sheriff
Case ID: CI 22    3111 Hughes v. Lancaster County, Nebraska
```

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons

upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                        _____

Mileage ____miles           _____

   TOTAL              $ _____

Date: _____       BY: _____
                                          (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                    _____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

```
To: Barb McIntyre                    From: Thomas P McCarty
    555 South 10th Street                  200 S. 21st Street, Suite 400
    Suite 302                              PO Box 82248
    Lincoln, NE 68508                      Lincoln, NE 68501-2248
```

ATTACH RETURN RECEIPT & RETURN TO COURT
EXHIBIT A